IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CRIM. NO. AMD 04-0215 |
| | : | CIV. NO. AMD 07-2842 |
| HARVEY BREWER | : | |

...o0o...

MEMORANDUM

Petitioner, Harvey Brewer, represented by retained counsel, pled guilty (on the day the case was called for trial) pursuant to a negotiated plea agreement to a charge of conspiracy under 21 U.S.C. § 846, conspiracy to distribute more than one kilogram of heroin. The court sentenced Brewer to 121 months in prison. The plea was a conditional guilty plea tendered pursuant to Fed.R.Crim.P. 11(a)(1), and indeed, Brewer appealed from the denial of his motion to suppress evidence. The Fourth Circuit affirmed. *United States v. Harvey Brewer*, No. 05-4942 (4th Cir. November 3, 2006)(unpublished).

On October 18, 2007, Brewer timely filed the instant motion to vacate judgment pursuant to 28 U.S.C. §2255. The government has filed an opposition to the motion, which included as exhibits copies of the plea agreement and the transcript of the guilty plea hearing. The motion to vacate shall be denied.

Brewer contends that his counsel provided ineffective assistance in two respects. First, he contends that counsel negligently failed, during the hearing on the motion to suppress, to cross-examine the affiant on the search warrant employed during the government's investigation. Second, he contends that counsel's recommendation that he acquiesce in the

government's demand that he waive his right to appeal the sentence fell below the standard of performance to be expected of counsel in cases of this sort.

"In a § 2255 proceeding, the burden of proof with regard to each ground for relief rests upon the petitioner." *See Holloway v. U. S.*, 960 F.2d 1348, 1351 (8th Cir.1992)(citing *Kress v. U. S.*, 411 F.2d 16, 20 (8th Cir. 1969)). *Strickland v. Washington*, 466 U.S. 668, 687 (1984), applies to the claim of ineffective assistance of counsel. Under *Strickland's* "now axiomatic standard," *Bainter v. Trickey*, 932 F.2d 713, 715 (8th Cir.1991), John must first allege facts which would demonstrate if proven that "his counsel's performance was deficient." As proof that his counsel's performance was deficient, he must be prepared to show that his attorney's errors were "so serious that his counsel was not functioning as the 'counsel'" the Sixth Amendment guarantees a criminal defendant. *Id*. Second, he must suggest the existence of facts that if proved would show that his counsel's performance prejudiced him. *Id*.

Judged by the applicable standard, each of Brewer's claims of ineffective assistance fail, both as matters of fact and on the law. First, the transcript of the guilty plea hearing shows, contrary to Brewer's assertions, that he had no complaints about counsel or the quality of the services counsel had provided. In any event, the suppression hearing was a non-evidentiary hearing, focused exclusively on the sufficiency of the warrant application, and neither party presented testimony. There was no "testimony" offered by the government that could be "cross-examined."

As for the waiver of appeal as to the sentence, there is no showing here that counsel acted unreasonably. To the contrary, as the government points out, counsel negotiated a highly favorable plea agreement with the government inasmuch as, had he been convicted at trial, Brewer faced the possibility of a mandatory minimum sentence of 25 years (based on the amount of narcotics allegedly involved in the conspiracy) as well as a potential five year consecutive sentence on the firearms charge that was dismissed as a part of the plea agreement. Again, Brewer's answers to the court's questions affirmatively indicated his full understanding of the mandatory minimum sentence he faced and of the consequences of waiver.

Plainly, Brewer is not entitled to relief and the motion to vacate shall br denied. An order follows.

Filed: April 2, 2008

_____
ANDRE M. DAVIS
UNITED STATES DISTRICT JUDGE